**In re HARRIS PRODUCTS, INC., Debtor(s).**

**Bankruptcy No. 84–01243.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 10, 1987.

Thomas J. Schank, Toledo, Ohio, for debtor.

Edward F. Zoltanski, Toledo, Ohio, Trustee.

Denise Herman McColley, Napoleon, Ohio, for Cline Brothers.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Application of Cline Brothers Roofing, Inc. (hereinafter Cline) for Payment of Administrative Expense and the Trustee's Objection thereto. The parties have agreed that this dispute involves solely issues of law and that the Court may resolve this dispute based solely upon the arguments of counsel. Pursuant to that agreement, the parties have submitted their arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons, the Court finds that the Applicant should be granted an administrative expense.

## FACTS

The facts in this case do not appear to be in dispute. The Debtor filed its voluntary Chapter 11 Petition with this Court on August 3, 1984. During the pendency of that proceeding, the Debtor contracted with the Applicant for the repair of a roof. This roof was located on a building being leased by the Debtor from a party who is otherwise unrelated to these proceedings. Although the Applicant completed the requested work, it does not appear that it has been paid. Since the completion of the work, the Debtor's case was converted to a proceeding under Chapter 7.

The Application presently before the Court seeks to have the claim for roof repairs assigned an administrative priority for purposes of distribution in the Chapter 7 case. In asserting this Application, the Applicant contends that its efforts were necessary for the preservation of estate property, and that it benefitted the estate to the extent that it preserved the habitability of the building being occupied by the Debtor. The Trustee opposes this Application, arguing that because the building was being leased by the Debtor, the repairs benefitted the lessor rather than the Debtor. Since the determination that a claim is entitled to an administrative priority is based upon the requirement that the claim arise from an obligation incurred for the benefit of the estate, the Trustee argues that the roof repair did not directly benefit the estate.

## LAW

The provisions of 11 U.S.C. § 503(b) state in pertinent part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title ...

Under this provision, any claim arising as an expense incurred for the preservation of estate property, or which is necessarily incurred as a part of a Debtor's effort to reorganize while under the auspices of a Chapter 11 proceeding, is entitled to receive an administrative claim for purposes

of distribution under 11 U.S.C. §§ 507 and 726.

In the present case, the facts indicate that Cline repaired the roof at the request of the Debtor during the pendency of the Chapter 11 proceeding. In performing the repairs, Cline extended value to the Debtor which would not have been extended had the request not been made. While the terms of the lease relative to the responsibility for making repairs to the premises are not clear, it is evident that the repairs were required in order to preserve the inhabitability of the building for the Debtor's purposes. Accordingly, the repairs can be characterized as necessary and beneficial to the Debtor's estate. Since such expenses are, under 11 U.S.C. § 503(b) accorded an administrative expense priority, it must be concluded that Cline's claim should be so classified.

The Trustee has argued that the repairs were made to property which was owned by someone other than the Debtor. Accordingly, he argues that such repairs inure to the benefit of the owner rather than the Debtor, thereby serving as no benefit to the estate of the Debtor. However, as has been indicated, the terms of the lease regarding the party responsible for making repairs is not clear. If the Debtor was responsible, then there would be no question as to Cline's entitlement to an administrative priority. The obligation would have been incurred pursuant to the Debtor's legal duty to maintain the premises during its occupancy. If, however, the lessor was responsible, then the fact that the Debtor undertook those repairs does not negate their necessity. Under either circumstance, the character of the expense meets the requirements of 11 U.S.C. § 503(b) for an administrative priority.

This is not to say that the Debtor has no recourse against the lessor. The Debtor, having made the repairs, would be entitled to compensation from the lessor for the price of Cline's services. This right to compensation, if it exists, would be an asset of the estate which could be pursued by the Trustee for the benefit of creditors. However, in light of the foregoing considera-tions, it must be concluded that regardless of whether or not the Debtor owned the property in question, the work performed by Cline was a cost and expense necessarily incurred in the preservation of the estate. Accordingly, the claim therefore is entitled to an administrative priority. It must also be concluded that the Trustee's arguments to the contrary are without merit.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Payment of Administrative Expense filed by Cline Brothers Roofing, Inc. be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Trustee's Objection To The Motion For Payment of Administrative Expense be, and is hereby, OVERRULED.

It is FURTHER ORDERED that Cline Brothers Roofing, Inc. be, and is hereby, allowed an administrative claim in the amount of Twelve Thousand Five Hundred and no/100 Dollars ($12,500.00).